[28]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | No. 04-CR-832 (FLW) |
| v. | : | |
| | : | |
| WILLIAM BRANTLEY, | : | **OPINION** |
|         Defendant. | : | |

Appearances:

For Defendant:
LORI M. KOCH
FEDERAL PUBLIC DEFENDER'S OFFICE
800-840 COOPER STREET
SUITE 350
CAMDEN, NJ 08102

For the United States:
RENEE MARIE BUMB
MATTHEW SKAHILL
U.S. DEPARTMENT OF JUSTICE
CAMDEN FEDERAL BUILDING & COURTHOUSE - P.O. BOX 2098
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08101

**WOLFSON, United States District Judge**:

     Defendant William Brantley ("Brantley" or "Defendant"), through his counsel, filed a motion for reargument in connection with his sentence entered on July 12, 2005, pursuant to Local Civil Rule 7.1(g), made applicable to criminal proceedings pursuant to Local Criminal Rule 1.1, and a motion for an extension to file an appeal pursuant to Fed. R. App. P. 4(b)(4). Defendant argues that the Court should have considered § 5K1.1(a)(4) of the Sentencing

Guidelines, which encompasses "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance when issuing his sentence" and that on reconsideration, the Court should accord substantial weight to the government's evaluation of the assistance rendered.  For the reasons stated below, Defendant's motion for reargument is denied insofar as it relates the assistance rendered by Defendant and granted insofar as it relates to § 5K1.1(a)(4) of the Sentencing Guidelines.  However, incorporating § 5K1.1(a)(4) into my determination does not alter the sentence that I imposed upon Defendant pursuant to 18 U.S.C. § 3553.  Defendant's motion for an extension to file an appeal is granted.

**I.      BACKGROUND**

On November 9, 2004, Defendant entered a guilty plea to the July 28, 2004 bank robbery of the Minotola Savings Bank in Bridgeton, New Jersey before this Court.  This Court sentenced Defendant on July 12, 2005 to 144 months imprisonment and 3 years supervised release.  The Judgment of Conviction was entered on July 13, 2005.  On July 15, 2005, Defendant filed the instant motions.

**II.     DISCUSSION**

    **A.  Motion for Reargument**

    **1) Standard**

In the District of New Jersey, a motion for reargument (also referred to as a motion for reconsideration) is governed by Local Civil Rule 7.1(g), which is made applicable to criminal proceedings pursuant to Local Criminal Rule 1.1. See S.C. ex rel. C.C. v. Deptford Township Bd. of Ed., 248 F.Supp.2d 368, 380 (D.N.J.2003); In re Consol. Parlodel Litig., 22 F.Supp.2d 320, 329 (D.N.J.1998). Under Rule 7.1(g), relief should be granted "very sparingly." Maldonado v.

Lucca, 636 F.Supp. 621, 630 (D.N.J.1986).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985); see also Imundo v. Pocono Palace, Inc., 2002 WL 31006143, at *1 (D.N.J. Aug. 14, 2002). The Court will grant a motion for reconsideration only where its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. See Pelham v. United States, 661 F.Supp. 1063, 1065 (D.N.J.1987). "Thus, the motion may address only 'dispositive factual matters or controlling decisions of law' that were presented to, but not considered by, the court in the course of making the decision at issue." Yurecko v. Port Authority Trans-Hudson Corp., 279 F.Supp.2d 606, 611 (D.N.J.2003) (citing Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc., 830 F.Supp. 826, 831 (D.N.J.1992)).

### 2) § 5K1.1(a)(4)

Defendant presents two arguments in connection with his motion for reconsideration. First, Defendant argues that when deciding the downward departure motion, the Court should have considered § 5K1.1(a)(4) of the Sentencing Guidelines, which encompasses "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance when issuing his sentence."  Defendant contends that § 5K1.1(a)(4) is germane to the downward departure motion because he "continues to fear that his status as a cooperating witness will result in retaliation while he is serving his federal sentence" and is "fearful for his father because [co-Defendant Reginald] Sease knows where Brantley's father resides, and may be capable of arranging retaliatory acts." Def.'s Memo. of Law Supporting Reargument at 1-2.  The Court did not consider these risks when deciding the downward departure motion, particularly because the Government did not identify any risk to the Defendant, and indeed confirmed that no

3

such risk existed. Since this factor was not part of the Court's consideration and the Government does not oppose Defendant's motion for reargument, Defendant's motion for reargument is granted to the extent that it relates to § 5K1.1(a)(4). However, incorporating § 5K1.1(a)(4) into my determination does not alter the sentence that I imposed upon Defendant pursuant to 18 U.S.C. § 3553, and which is "sufficient, but not greater than necessary" to satisfy the purposes of that statute.

As I commented at the time of sentencing, Defendant's crime included pointing a gun at more than one bank employee and that there has been a substantial negative impact on one of the victims--who testified at trial and who addressed the Court at the time of Defendant's sentencing. In addition, Defendant's lengthy criminal history reflects a need for deterrence and to protect the public from further crimes. Furthermore, while Defendant argues in his motion that he has never physically harmed anyone, the use of a gun in a threatening manner in this crime, coupled with his conviction for robbery in 1995, which involved gagging a McDonald's employee and binding her with duct tape, evidence acts of violence. Although the bank employees in the instant offense were not physically harmed, it is clear that at least one of those tellers suffered substantial psychological harm. The record is clear that I considered all of the factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the Defendant, and the need for the sentence imposed.

**3) Government's Evaluation of the Assistance Rendered**

Defendant also argues that, on reconsideration, the Court should accord substantial weight to the government's evaluation of the assistance rendered. However, the Court is

4

confident that it sufficiently considered the assistance rendered by Defendant and the government's evaluation thereof. Therefore, Defendant's motion for reargument is denied insofar as it relates the assistance rendered by Defendant.

### B. Motion for an Extension to File an Appeal

In a criminal case, a defendant's notice of appeal must be filed within 10 days after the later of the entry of judgment or the filing of the government's notice of appeal. Fed.R.App.P. 4(b)(1)(A). Under Fed.R.App.P. 26(a)(2), Saturdays, Sundays and legal holidays are excluded from the computation of time. Therefore, the 10-day period in which Defendant has to file an appeal expires on July 27, 2005. See Fed.R.App.P. 26(a)(2)-(3). According to Fed.R.App.P. 4(b)(4), "Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Here, Defendant filed a motion for an extension to file an appeal pursuant to Rule 4(b)(4) in order to allow the Court time to decide his motion for reargument. Thus, the Court finds that good cause exists and Defendant's motion pursuant to Fed.R.App.P. 4(b)(4) is granted. Defendant shall have until August 27, 2005 to file a notice of appeal.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for reargument is denied insofar as it relates the assistance rendered by Defendant and granted insofar as it relates to § 5K1.1(a)(4) of the Sentencing Guidelines. However, incorporating § 5K1.1(a)(4) into my determination does

not alter the sentence that I imposed upon Defendant pursuant to 18 U.S.C. § 3553. Defendant's motion for an extension to file an appeal is granted. The Court will issue an appropriate order.

Date: July 27, 2005

                                                  /s/ Freda L. Wolfson  
                                                Honorable Freda L. Wolfson  
                                                United States District Judge